[No. 9685.   Department One.   December 26, 1911.]

W. H. SANDERSON, *Respondent,* v. A. H. STAY, *Appellant.*[1]

BILLS AND NOTES—BONA FIDE PURCHASERS—ACTIONS—DEFENSES—
FRAUD.  In an action on a note, a verdict for the plaintiff is prop-
erly directed where the defense of fraud was supported by but little
evidence to impeach it in the hands of the original payee, and none
at all in the hands of a *bona fide* purchaser before maturity.

Appeal from a judgment of the superior court for King
county, Clifford, J., entered April 13, 1911, upon the ver-
dict of a jury rendered in favor of the plaintiff by direction
of the court, in an action on contract.   Affirmed.

*Douglas, Lane & Douglas,* for appellant.
*William Wray,* for respondent.

PER CURIAM.—The respondent brought this action against
the appellant to recover upon a promissory note, given by
the appellant to one Paul Brockmeier, and by Brockmeier
endorsed to the respondent before maturity.   The appellant
defended on the ground that the note was obtained from
him by fraudulent representations made by Brockmeier.  He
alleged that the note was given as the purchase price of
certain shares of stock in a coal mining company, and that
he was induced to purchase the stock because of certain rep-
resentations made by Brockmeier, which he alleges were
false and fraudulent; further alleging that the respondent
acted in collusion with Brockmeier in the sale of the stock
and knew of such false representations at the time he pur-
chased the note.   At the conclusion of the evidence offered on

[1]Reported in 119 Pac. 1135.

the trial, the court, on the motion of the respondent, directed a verdict in respondent's favor on the ground that the appellant had not established his defense, or rather had offered no evidence to rebut the evidence of the respondent to the effect that he was a holder of the note for value and in due course. The appellant excepted, and brings the case here, contending that the case should have been submitted to the jury

We think the action of the court was justified by the record. It would serve no useful purpose to review the evidence; but as we read it, there is but little to impeach the note were it in the hands of Brockmeier himself, much less is there anything to impeach it in the hands of the respondent who purchased for value and before maturity.

The judgment is affirmed.